1
2
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**
9                           **CENTRAL DISTRICT OF CALIFORNIA**
10

11  JULIO AVILES, SR.,                        Case No. 2:24-cv-00776-MRA-MRW
12                  Petitioner,
                                              **ORDER ACCEPTING FINDINGS**
13          v.                                **AND RECOMMENDATIONS OF**
                                              **UNITED STATES MAGISTRATE**
14  USP LOMPOC WARDEN,                        **JUDGE**
15                  Respondent.
16
17
18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records
19  on file, and the Report and Recommendation of the United States Magistrate Judge
20  ("Report"). Further, the Court has engaged in a *de novo* review of those portions of
21  the Report to which objections have been made.
22          The Report recommends dismissal of the Petition for lack of habeas
23  jurisdiction. (Dkt. No. 11.) As explained below, Petitioner's Objections to the
24  Report (Dkt. No. 12) do not warrant a change to the Report's findings or
25  recommendation.
26          Petitioner objects that jurisdiction exists because he is incarcerated at the
27  United States Penitentiary in Lompoc, California, which falls within the
28  jurisdictional limits of the Central District of California. (Dkt. No. 12 at 1.)

Petitioner is conflating personal jurisdiction with habeas jurisdiction.  The Court has personal jurisdiction over Petitioner's custodian, the Warden, because the Warden is in the Central District of California.  *See Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)).  "The word 'jurisdiction' of course, is capable of different interpretations." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004).  As the Report explained, habeas jurisdiction is lacking because Petitioner has not shown that the savings clause of 28 U.S.C. § 2255 permitted him to bring this action under 28 U.S.C. § 2241.  (Dkt. No. 11 at 4 (citing *Marrero v. Ives*, 682 F.3d 1190, 1194 (9th Cir. 2012).)

Petitioner objects that he properly brought this petition under 28 U.S.C. § 2241 because he is alleging "actual innocence," based on claims of the "fruit of the poisonous tree and all the violations that he presented before at Pennsylvania [D]istrict Court, and [n]ow presented here." (Dkt. No. 12 at 2.)  But by alleging that he presented these claims earlier, before the Pennsylvania District Court, Petitioner is conceding that he had an unobstructed procedural shot at presenting his claims, meaning he is not entitled to raise the claims again under 28 U.S.C. § 2241. (Dkt. No. 11 at 4.)

Petitioner similarly objects that he has a claim of actual innocence based on "knowing perjury" relating to material matters that were presented to the grand jury.  (Dkt. No. 12 at 2; *see also* Dkt. No. 8 at 5.)  But such a claim, which relies on alleged contradictions between the grand jury transcript and the trial evidence, could have been brought in Petitioner's initial proceeding under 28 U.S.C. § 2255.  Indeed, the record of Petitioner's 28 U.S.C. § 2255 proceeding shows that he did raise a claim of false evidence during the grand jury proceeding. *See United States v. Aviles, et al.*, Case No. 1:15-cr-0181-MEM-1 (M.D. Pa.), Dkt. No. 964 at 8; Dkt. No. 1000 at 23.  Thus, as the Report found, Petitioner "had a procedural

opportunity to pursue [his claims] in the court of conviction." (Dkt. No. 11 at 5.) Thus, the claim is not properly brought under 28 U.S.C. § 2241.

In sum, Petitioner's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation is approved and accepted; and (2) the action is dismissed without prejudice.

DATED: June 28, 2024

_____
MONICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE